E. N. TIBBALS, Appellee, v. L. E. SANBORN, Appellant.

APPEAL AND ERROR: Harmless Error—Errors Against Noncom-
1 plainant. One who has, in his written contract of sale, agreed to
furnish the purchaser a warranty deed may not complain that the
court gave him, in the instructions, the opportunity of escaping
liability for the return of the advance payments by furnishing a
*referee's* deed.

EVIDENCE: Burden of Proof—Affirmative Defense. A vendor who
2 has contracted in writing to furnish a warranty deed must assume
the burden of proof of showing that a referee's deed was what was
really intended,—assuming, *arguendo*, that such a plea could be
entertained.

TRIAL: Instructions—Defining Terms. On the issue whether a con-
3 tract called for a warranty deed or for a referee's deed, the court
may, and very properly should, explain to the jury the distinguish-
ing differences between such deeds.

TRIAL: Instructions—Assuming Admitted Fact. A party who admits
4 a fact may not complain that the court treated said fact as estab-
lished.

*Appeal from Howard District Court.*—H. E. TAYLOR, Judge.

FEBRUARY 6, 1923.

ACTION at law, to recover damages on account of defend-
ant's alleged failure to perform contract to convey land to plain-
tiff. There was a judgment for plaintiff, and defendant appeals.
—*Affirmed.*

*McCook & Lyons,* for appellant.

*E. A. Church* and *Joseph Griffin,* for appellee.

WEAVER, J.—The contract in question is in writing, and
bears date as of July 29, 1919. It purports to have been made
between "L. E. Sanborn, Administrator," as party of the first
part, and "E. N. Tibbals, party of the second part," and by its
terms, "witnesses that in consideration of $36,720 the party of

the first part has this day sold to the party of the second part certain described real estate in Howard County, Iowa,'' which agreed consideration was to be paid, $1,000 on the execution of the contract, $19,000 on March 1, 1920, and the remainder was to be secured by first mortgage on the property. The contract further provides that:

''This sale is made subject to the approval of the district court of Howard County, at the time that a good and sufficient warranty deed and abstract of title showing good, clear, merchantable title to the said property is made and delivered to the party of the second part by the party of the first part or his representative, which deed and abstract the party of the first part agrees to furnish and deliver to the party of the second part on or before March 1, 1920.''

Possession of the property was to be given on or before the last named date. The writing is subscribed by the parties in the following form: ''L. E. Sanborn, Adm.,'' ''E. N. Tibbals.'' The petition herein, having set out said writing, alleges that, in reliance thereon, plaintiff paid defendant $1,000 in money, and that, after said date, and before the delivery of the deed was due, he paid out and expended the further sum of $323 for painting the buildings on the described property, and for plowing done thereon. As grounds for the recovery or repayment to him of the moneys thus paid and expended, plaintiff alleges, first, that, as an inducement to him to purchase the land, defendant stated and represented that the land in question was free from quack grass, Canada thistles, and all noxious weeds; and he avers that, in reliance upon the truth of such representations, he entered into the contract, but that, in truth and in fact, such representations were false, and the land was infested with quack grass. He further alleges that, at the time defendant undertook to sell and convey said property, he neither had nor could convey title thereto by good and sufficient warranty deed, nor did he ever tender or offer to convey such title; and because of such failure, judgment is asked against defendant for the repayment of the advance installment of $1,000, and the further sum of $323, expended by plaintiff as above related.

Answering the plaintiff's claim, the defendant admits the execution of the written instrument, but says that it was not

intended to witness any personal obligation or undertaking upon his part, but was, in truth, intended simply as his undertaking as administrator of the estate of one L. Sanborn, deceased, and was so understood and intended by both parties, and that it is only in such official capacity that he was or is in any manner bound or obligated. It is further alleged that the land in question belonged to the heirs of L. Sanborn, deceased, and that it was well understood by the parties to the contract that the title could be effectually sold and conveyed only by judicial procedure; that, for the purpose of effecting such sale and conveyance, an action was brought for partition of the property between the said heirs, in which proceeding one Cray was appointed and qualified as referee to make the sale; that Cray, as such referee, adopted and approved the contract made with plaintiff by the administrator, and in fulfillment thereof, executed his referee's deed to the plaintiff, who refuses to accept the same. Defendant further alleges his full performance of the contract on his part, and plaintiff's failure to pay or settle for the land according to contract, thereby forfeiting all payments made and all rights to any relief.

The issues were tried and submitted to a jury, which returned a verdict for plaintiff for the full amount of his claim; and from the judgment upon said verdict, the defendant appeals.

I.    It is to be noted at the outset that neither party seeks any reformation of the contract, and its terms, once ascertained, must measure and govern the rights of the parties. It is to be further noted that, while the writing designates the defendant as L. E. Sanborn, "Administrator," and is signed by him as L. E. Sanborn, "Adm.," it nowhere, directly or indirectly, discloses the estate which he represents or the person or persons interested in such estate. By the express terms of the writing, defendant undertook to furnish and deliver to plaintiff "a good and sufficient warranty deed on or before March 1, 1920." It may well be doubted if, in an action upon such a contract, it is competent for a defendant, while admitting its execution, to allege or prove that the agreement was not intended to bind him except in his representative capacity as administrator of an undisclosed estate, and then plead the tender of a referee's deed

1. APPEAL AND ERROR: harmless error: errors against noncomplainant.

in partition as a sufficient performance of the undertaking. Had the trial court so held, and directed a verdict for the plaintiff, it would be very difficult to find any valid ground upon which to assign error in the ruling. But the court seems to have solved the doubt, if any, in this respect in defendant's favor, and instructed the jury, in substance, that, if it should find from the evidence that, notwithstanding the terms of the writing, the parties in fact contemplated a conveyance of the property by the deed of a referee in partition, instead of a formal "warranty deed," then the tender of the referee's deed would be a sufficient performance, and the plaintiff could not recover the payments made. Upon this issue, the jury found for the plaintiff, and the verdict in that respect has sufficient support in the evidence. The charge of the court in this respect, whether right or wrong, was the law of the case for the jury, and if wrong as an abstract proposition of law, the error was not to the prejudice of the defendant, and affords him no ground upon which to demand a new trial.

II. Appellant assigns error upon the charge of the court to the jury in that it imposed upon the defendant the burden of showing that, while the defendant's contract called for a con-

2. EVIDENCE: burden of proof: affirmative defense.

veyance by warranty deed, the parties in fact contemplated a conveyance by the referee in partition. And further complaint is made because the court explained to the jury the difference between a conveyance by warranty deed and a conveyance by referee's deed. Manifestly, such instruction involves no error. The written undertaking of the defendant was to convey by a good and sufficient warranty deed. This writing he confesses or admits, but seeks to avoid its literal effect by showing that the parties in fact understood and intended no more than a conveyance by deed of a referee in partition. Assuming, for the purposes of this case, that the defense so asserted is a valid one, it is affirmative in its nature, and the burden of establishing it is upon him who asserts or relies upon it. Nor was there any error in stating to the jury the distinguishing differences between a conveyance by warranty deed and a deed by referee in

3. TRIAL: instruc-
tions: defining
terms.

partition. To fail to so instruct would be to leave the jury without proper guide to an understanding of the real nature of the controversy between the parties.

III. It appears that the jury, pending its deliberations, came into court and requested instruction upon the question whether the defendant, as administrator of the estate of L. Sanborn, had any authority to sell the real estate.

4. TRIAL: instruc-
tions: assuming
admitted fact.

Responding to that inquiry, the court gave the jury the following instruction:

"Par. 10. On July 29, 1919, at the time the contract, Exhibit 1, was entered into, L. E. Sanborn, as administrator of his father's estate, had no right or authority to sell the real estate in controversy. L. E. Sanborn had then no right or authority to sell more than his own individual interest in the farm. It is for you to determine, under the evidence and according to the instructions heretofore given you, as to what was the contemplation and understanding of L. E. Sanborn and E. N. Tibbals at the time the said contract was entered into, as to how the title was to be transferred to the said E. N. Tibbals. As you have been instructed, the burden is upon the defendant to prove that it was the understanding and contemplation of the parties that title was to be transferred to the said E. N. Tibbals through the said referee's deed."

Excepting to this instruction, counsel say that it amounts to a directed verdict for the plaintiff, and say that the contract was "informally drawn, and did not express the true intention of the parties." Counsel further say that defendant "nowhere contended that he had a right as administrator, nor was any attempt made to show that title was offered as administrator, or through any estate proceedings." It is not easy to reconcile the various positions taken by the appellant. By his answer he expressly avers that he made the contract and received the advance payment in his capacity as administrator, and over and again he insists that he executed the contract "in his official capacity, as administrator of the estate of L. Sanborn." He now concedes in argument that he had no authority as administrator to make the contract, and assigns as error the act of the court in telling the jury just what he admits: that he had no

such power or authority. That instruction is expressly coupled, however, with a reservation for the defendant's benefit, that, if the parties in fact contemplated a conveyance by the referee, then plaintiff could not recover. The instruction contains nothing of which appellant can justly complain.

No prejudicial error appearing, the judgment of the district court is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.